(23 Civ. Proc. R. 319.)

### BAILEY v. SARGENT GRANITE CO.

(Superior Court of New York City, Special Term. April 3, 1893.)

SUMMONS—VARIANCE BETWEEN ORIGINAL AND COPY.
    Where the copy summons served on defendant was entitled "N. Y. Common Pleas," the action was thereby commenced in that court (Code Civ. Proc. § 416), though the original summons was entitled in the "N. Y. Superior Court;" and a motion to declare the action pending in the superior court, or to consolidate, will be denied.

Action by N. Bailey against the Sargent Granite Company to recover on claims against defendant for labor which had been assigned to plaintiff. The original summons was entitled "N. Y. Superior Court," but the copy summons which was served on defendant was entitled "N. Y. Common Pleas." Of the papers subsequently served, some were entitled in the superior court, and some in the court of common pleas. Plaintiff moves for an order to declare the action to be one pending in the superior court, or to consolidate it with one pending in the court of common pleas. Denied.

George Carlton Comstock, for the motion.
Harriman & Fessenden, opposed.

McADAM, J. A civil action is commenced by the service of a summons. Code Civ. Proc. § 416. The summons served was entitled in the "N. Y. Common Pleas," and the action was thereby effectually commenced in that court, and is pending there now. The fact that the original summons was entitled in the "N. Y. Superior Court" is of no consequence, as the plaintiff is bound by the process served. 2 Wait, Pr. 302; Trowbridge v. Didier, 4 Duer, 448. A defect in the copy is not cured by showing that the original was correct. Id. A party may always treat a paper served upon him as a true copy of the original, and act accordingly. The fact that some of the subsequent papers were served by the plaintiff's attorney entitled in this court does not alter the fact that the action is pending in another court. Williams v. Sholto, 4 Sandf. 641. Motion to declare the action pending in this court or to consolidate denied, without costs. A discontinuance here is unnecessary, as this court has no jurisdiction in the premises, and, technically speaking, nothing to do with the action.